CINCINNATI BAR ASSOCIATION *v.* GREENBERGER.

[Cite as *Cincinnati Bar Assn. v. Greenberger,*
113 Ohio St.3d 162, 2007-Ohio-1255.]

(No. 2006–1928—Submitted November 29, 2006—Decided April 4, 2007.)

**Per Curiam.**

{¶ 1} Respondent, Bruce L. Greenberger of Cincinnati, Ohio, Attorney Registration No. 0023820, was admitted to the practice of law in Ohio in 1974.

{¶ 2} On March 8, 2006, we suspended respondent's license to practice for two years, but stayed the last six months of that suspension on the condition that he repay unearned legal fees and make other restitution to five clients for whom he did not provide promised legal services. *Muskingum Cty. Certified Grievance Commt. v. Greenberger,* 108 Ohio St.3d 258, 2006-Ohio-790, 842 N.E.2d 1042.

{¶ 3} On April 18, 2005, relator, Cincinnati Bar Association, charged respondent in a single-count complaint with additional professional misconduct in violation of the Code of Professional Responsibility. Respondent answered the complaint, and the parties later stipulated to charged misconduct and the underlying facts. A panel of the Board of Commissioners on Grievances and Discipline considered the cause without a hearing and made findings of fact, conclusions of law, and a recommendation. The board adopted the panel's findings of misconduct and recommendation.

### Misconduct

{¶ 4} The parties stipulated that respondent had violated DR 1–102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation) and 9–101(A)(1) [sic, 9–102(A) ] (requiring a lawyer to deposit client funds in a separate, identifiable bank account) by converting funds to his own use. Respon-

dent stole this money in 2004, while working as a salaried attorney in the Law Offices of Arnold Levine. During his employment, respondent accepted payments totaling $1,850 from seven clients. He did not deposit these funds into a client trust account, using the money instead as his own. When confronted by his employer, respondent admitted the theft.

{¶ 5} The board found violations of DR 1–102(A)(4) and 9–102(A).

### Recommended Sanction

{¶ 6} The parties jointly advocated a one-year actual suspension of respondent's license, to be served concurrently with the suspension now in effect. Adopting the panel's report, however, the board recommended a one-year suspension, to be consecutive to the suspension he is currently serving. In addition, the board recommended that at the end of the consecutive suspensions, respondent be required to petition for reinstatement pursuant to Gov.Bar R. V(10)(C) through (G), the more rigorous process reserved for reinstatement following an indefinite suspension from the practice of law, rather than through the application process provided for actual suspension periods under Gov.Bar R. V(10)(A). The board recommended this procedure, consistent with the sanction ordered in *Muskingum Cty. Certified Grievance Commt. v. Greenberger*, 108 Ohio St.3d 258, 2006-Ohio-790, 842 N.E.2d 1042, ¶ 31, to ensure that respondent is not permitted to return to the practice of law prematurely.

### Review

{¶ 7} We accept the board findings that respondent violated the cited Disciplinary Rules and agree that the board's recommended sanction is appropriate.

{¶ 8} Respondent is therefore suspended from the practice of law in Ohio for one year. This suspension is to be consecutive to the suspension imposed in *Greenberger*, 108 Ohio St.3d 258, 2006-Ohio-790, 842 N.E.2d 1042. Moreover, at the end of the consecutive suspensions, respondent is required to petition for reinstatement pursuant to Gov.Bar R. V(10)(C) through(G), rather than through the application process provided for actual suspension periods under Gov.Bar R. V(10)(A). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

CUPP, J., not participating.

---

David C. Wagner, for relator.

Bruce L. Greenberger, pro se.